FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

99 MAR 31 AM 10: 18

U.S. DISTRICT COURT
N.D. OF ALABAMA

MARY ANN NELSON,                }
                                }
    Plaintiff,                  }
                                }
v.                              }    CASE NO. CV 96-B-3289-W
                                }
THE BOARD OF TRUSTEES OF THE    }
UNIVERSITY OF ALABAMA;          }
ANTHONY DEAN, in his official   }
capacity as General Manager of WUAL- }    **ENTERED**
WQPR; and EDWARD MULLINS, in    }
his capacity as Dean of the College of }    MAR 31 1999
Communications,                 }
                                }
    Defendants.                 }

## MEMORANDUM OPINION

Currently before the court is the Report and Recommendation filed by Magistrate Judge Robert Armstrong on April 28, 1998, recommending that the Motion for Summary Judgment of defendants Board of Trustees of the University of Alabama, Anthony Dean, and Edward Mullins be granted. Plaintiff Mary Ann Nelson filed Objections to the Magistrate Judge's Recommendation for Granting Summary Judgment on May 4, 1998. Defendants filed a Response to Plaintiff's Objection to the Magistrate's Recommendation and a separate Motion to Strike Plaintiff's Objections to Magistrate's Recommendation/Motion to Deny Consideration of Objections by the District Court on May 21, 1998.

Plaintiff alleges that she was a victim of sex and race discrimination and that she was retaliated against, all in violation of 42 U.S.C. § 2000e et. seq. ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and the Equal Protection and Due Process Clause of the Fourteenth Amendment as enforced under 42 U.S.C. § 1983 ("Section 1983"). Plaintiff's cause of action

arose out of her employment with the University of Alabama at its public radio station, WUAL-WQPR. In his Report and Recommendation, the magistrate judge recommended that plaintiff's Title VII claims be dismissed because she filed her charge of discrimination with the EEOC more than 180 days after the occurrence of the conduct in question. The magistrate judge further recommended that plaintiff's Section 1981 and Section 1983 claims be dismissed because they are preempted by Title VII.

This court agrees with the magistrate judge's recommendation that plaintiff's Title VII claims are due to be dismissed for lack of a timely filed EEOC charge.[1] Plaintiff argues that her Title VII claims are not time-barred because the discrimination by the defendants is ongoing, thereby tolling the 180-day requirement for filing an EEOC charge. Plaintiff filed her EEOC charge on June 24, 1996, and 180 days previous to this date is December 27, 1995. Plaintiff received a letter on October 16, 1995, stating that her position at the radio station was being eliminated. Plaintiff took a different job within the University (but not with WUAL-WQPR) on December 4, 1995. Plaintiff claims that this new job is two pay grade levels below her former job and that it continues to adversely affect her because it will serve as a "red flag" on her personnel file since it reflects a pay decrease. However, in order for there to be a continuing violation, a discriminatory action must be taken during the applicable time period. *See Everett v. Cobb County Sch. Dist.*, 138 F.3d 1407, 1410 (11th Cir. 1998). It is insufficient to merely demonstrate that the effects of earlier decisions continued into the 180-day time period preceding the filing of

---

[1] Even if plaintiff's EEOC charge was timely filed, her Title VII claims against Anthony Dean and Edward Mullins in their official capacities would still fail. "When an employer has been made a party to a Title VII action, specific persons named in either individual capacities or as agents of their employer are improper." *Holt v. Lewis*, 955 F. Supp. 1385, 1386 (N.D. Ala. 1995)(citing *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)).

the EEOC charge. *Id.* Since plaintiff did not present any evidence of discriminatory actions within the 180-day time period in her Response to Defendants' Motion for Summary Judgment, the court agrees with and adopts the magistrate judge's finding that plaintiff's Title VII claims are due to be dismissed.

In her Objections to the Magistrate's Recommendation for Granting Summary Judgment, plaintiff made an argument that she had not previously asserted in her opposition to summary judgment. She points to a letter written by Peggy Brodi on March 20, 1996, which allegedly evidences the fact that she asked for an extension of her eliminated job, similar to the extension given to Anthony Dean, and was turned down. In the letter, Brodi wrote that "Cookie Nelson says she asked for an extension and was told no." However, this letter did not indicate the date on which plaintiff had asked for an extension nor did it give any other details of why her request was denied. Plaintiff did not assert that she had been denied an extension after December 27, 1995, in any of her previous pleadings. Even though she submitted this letter in her evidentiary submission in opposition to summary judgment, she failed to make this argument to the magistrate judge. Because the argument was not made at the summary judgment stage, defendants never had an opportunity to respond.[2] However, even if this court were to consider plaintiff's new arguments, plaintiff's Title VII claim would still be due to be dismissed. The Brodi letter gave no indication of the date on which the extension of her eliminated job was denied. Furthermore,

---

[2]Defendants filed a Motion to Strike Plaintiff's Objections to Magistrate's Recommendation/Motion to Deny Consideration of Objections by the District Court filed on May 21, 1998, in response to these new arguments. Even considering the new arguments made by the plaintiff, the court is still of the opinion that summary judgment is due to be granted on plaintiff's Title VII claims due to lack of a timely filed EEOC charge. Although defendants make several valid arguments as to why plaintiff's Objections should be stricken, the court will deny defendants' Motion.

3

plaintiff offered no corroborating evidence or allegations suggesting that plaintiff was denied a job extension which Dean received on or after December 27, 1995. Thus, plaintiff's Title VII claims are due to be dismissed because her EEOC charge was not timely filed.

In his Report and Recommendation, the magistrate judge also found that plaintiff's Section 1981 and Section 1983 claims were preempted by Title VII.[3] The court disagrees with the magistrate judge's finding that plaintiff's Section 1981 and Section 1983 claims are preempted by Title VII. This finding is clearly contradicted by existing law. The Civil Rights Act of 1991 specifically states that Title VII does not preempt an action under Section 1981. *See* 42 U.S.C. § 1981a(b)(4) ("Nothing . . . shall be construed to limit the scope of, or the relief available under, [Section] 1981."). In addition, the Eleventh Circuit has held that Title VII does not preempt an action under Section 1983. *See Johnson v. City of Fort Lauderdale*, 148 F.3d 1228, 1231 (11th Cir. 1998) ("[W]e conclude that the Civil Rights Act of 1991 did not render Title VII and § 1981 the exclusive remedies for public sector employment discrimination, thereby preempting a constitutional cause of action under § 1983.").

In his Report and Recommendation, the magistrate relies on two cases in support of his position that Title VII preempts Section 1981 and 1983. First, he relies on *Johnson v. Ballard*,

---

[3]It is somewhat unclear whether the magistrate judge found that both the Section 1983 and Section 1981 claims were preempted. The heading above the preemption analysis says "Section 1983 and Section 1981 Claims." However, in his analysis, the magistrate judge only found that Section 1983 was preempted by Title VII. Yet, in his concluding sentence, he stated that "[i]t is opined that the plaintiff cannot sue the University or the individual defendants under § 1981 or § 1983." There is no separate analysis for plaintiff's Section 1981 claim. The magistrate judge did not find that either the Section 1981 or Section 1983 claims were due to be dismissed on any other bases besides preemption. Thus, since the magistrate judge held that summary judgment was due on all claims, the court assumes that the magistrate judge held that plaintiff's Section 1981 claims were preempted as well.

4

644 F. Supp. 333 (N.D. Ga. 1986). In *Ballard*, the district court held that an "a plaintiff cannot state a claim under § 1983 unless she alleges a deprivation of her rights . . . secured by the Constitution . . . Accordingly, . . . the employee may not maintain a § 1983 action in lieu of Title VII if the only alleged deprivation is of the employee's rights created by Title VII." *Id.* at 336-37. A careful reading of the Complaint filed by Nelson shows that she did allege a violation of her Constitutional rights as enforced under Section 1983. The *Ballard* holding is consistent with the more recent holding in *Johnson v. City of Fort Lauderdale*. The *Ballard* court noted that it was "more persuaded by the reasoning of those courts which have allowed a plaintiff to bring a § 1983 action separate and apart from a Title VII action where the plaintiff alleged constitutional violations arising out of discriminatory employment practices." *Id.* at 336. Thus, *Ballard* supports the proposition that Title VII does not preempt claims brought pursuant to Section 1983.

The magistrate judge also relied on *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522 (11th Cir. 1997). In *Holbrook*, the Eleventh Circuit held that "a plaintiff may not maintain a section 1983 action in lieu of–or in addition to–a Rehabilitation Act or ADA cause of action *if the only alleged deprivation is of the employee's rights created by the Rehabilitation Act and the ADA.*" *Id.* at 1531 (emphasis added). In contrast, Nelson's Section 1983 action alleges deprivation of rights created by the Constitution, not merely by Title VII. Furthermore, *Holbrook* deals with the interaction of the ADA and Section 1983, while *Johnson*, a more recent Eleventh Circuit case, deals with the interaction of Title VII and Section 1983. Thus, *Johnson* is the controlling case in this instance. The law is clear that neither Nelson's Section 1983 claim nor her Section 1981 claim is preempted by Title VII.

The Eleventh Amendment to the United States Constitution "prohibits a federal court from exercising jurisdiction over a lawsuit against a state, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity." *Lassiter v. Alabama A & M Univ.*, 3 F.3d 1482, 1484-85 (11th Cir. 1993).[4] Because a state university in Alabama is considered an arm of the state, it is entitled to Eleventh Amendment immunity. *Id.* at 1485. Thus, plaintiff's Section 1981 and Section 1983 claims against the Board of Trustees of the University of Alabama are barred by the Eleventh Amendment.[5]

Plaintiff also named as defendants in her Complaint Anthony Dean, in his official capacity as General Manager of WUAL-WQPR, and Edward Mullins, in his official capacity as Dean of the College of Communications.[6] To the extent that Nelson seeks retroactive relief against Dean or Mullins, the action is also barred. *See Lassiter*, 3 F.3d at 1485 ("Official capacity actions seeking damages are deemed to be against the entity of which the officer is an agent. . . . Regardless of the entity named as a defendant, the Eleventh Amendment bars retroactive damage awards that must be paid by the state.") (citations omitted). However, official capacity actions for

---

[4] In *Lassiter v. Alabama A & M Univ.*, 28 F.3d 1146 (11th Cir. 1994), the Eleventh Circuit sitting en banc affirmed in part and reversed in part the decision of the Eleventh Circuit panel in *Lassiter v. Alabama A & M Univ.*, 3 F.3d 1482 (11th Cir. 1993). However, the court stated that "[t]his opinion discusses only defendants' qualified immunity on Lassiter's procedural due process claims. On all other issues in this appeal, we adopt the conclusions reached by the panel in *Lassiter II*, 3 F.3d 1482." *Lassiter*, 28 F.3d at 1152 n. 9.

[5] Plaintiff concedes this point. (Pl.'s Resp. To Defs' Mot. for Summ. J. at 12-13).

[6] Both Dean and Mullins apparently no longer serve in these positions at the University of Alabama. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, the successors to Dean and Mullins are automatically substituted as parties to the official capacity claims against Dean and Mullins. Because the court has not been informed of their successors, it will refer to the parties sued in their official capacities as "Dean" and "Mullins."

prospective relief are not deemed actions against the state. *Id.* ("The Eleventh Amendment does not insulate official capacity defendants from seeking prospective relief.").

In this case it would be pointless to substitute new parties for Dean and Mullins pursuant to Federal Rule of Civil Procedure 25(d)(1). Defendant Dean, the person who plaintiff primarily contends discriminated against her, is no longer employed by the University, nor does plaintiff still work in the radio station where Dean was her supervisor. There is no allegation in the Complaint that plaintiff still works in the College of Communications. Therefore, it would be pointless to substitute the current Dean of the College of Communications for defendant Mullins in order to obtain future injunctive relief.

Even if the successors to the individual defendants were substituted for Dean and Mullins, plaintiff has not put forth evidence or even made allegations in her Complaint establishing that they could provide her with meaningful prospective injunctive relief. As noted, Dean no longer works for the University. Plaintiff no longer works under Mullins, nor is there evidence that she works under his successor. Accordingly, the court will grant defendants' Motion for Summary Judgment as to plaintiff's claims under Section 1981 and Section 1983 for future injunctive relief against Dean and Mullins in their official capacities.[7]

The court hereby adopts the portion magistrate judge's Report and Recommendation in which he asserts that all of plaintiff's Title VII claims are due to be dismissed for lack of a timely-

---

[7] The court would further note that plaintiff's Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Taking "notice pleading" to the absolute extreme, one could say that plaintiff arguably includes a "short and plain statement of the claim" against defendant Dean "showing that [plaintiff] is entitled to relief." *See* FED R. CIV. P. 8(a); Pl.'s Complaint ¶ 8. As to any claims against defendant Mullins, the Complaint clearly does not comply with Rule 8(a) and Mullins would be entitled to dismissal of the Complaint against him under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

filed EEOC charge. The court also adopts his conclusion that the individual defendants Dean and Mullins may not be sued under Title VII. However, the court does not adopt the magistrate judge's finding that plaintiff's Section 1983 and Section 1981 claims are preempted by Title VII. Nevertheless, the court holds that plaintiff's suit against the Board of Trustees of the University of Alabama is barred by the Eleventh Amendment. The court further holds that plaintiff is barred from seeking any retroactive relief against Dean and Mullins. Although plaintiff's claims of prospective relief against Dean and Mullins are not barred by the Eleventh Amendment, for the reasons stated above, the court concludes that plaintiff's Section 1983 and Section 1981 claims against Dean and Mullins are due to be dismissed. Thus, summary judgment is due to be granted on all claims against the defendants. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 31st day of March, 1999.

SHARON LOVELACE BLACKBURN
United States District Judge